# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**MONDREA RENEE SCOTT**                                              **PLAINTIFF**

v.                    **Case No. 1:16-cv-00086-KGB/JJR**

**JAMES BANKS,**
**Warden, Grimes Unit,** *et al*.                                       **DEFENDANTS**

## ORDER

The Court has received the Recommended Partial Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 51). The Recommended Partial Disposition recommends that defendants James Banks, Darryl Golden, and Dexter Payne's motion for partial summary judgment be granted, and therefore the Court should dismiss without prejudice plaintiff Mondrea Renee Scott's claims against Mr. Payne (*Id.*, at 2). Ms. Scott filed objections to the Recommended Partial Disposition (Dkt. No. 55). For the reasons discussed below, after a review of the Recommended Partial Disposition, Ms. Scott's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Partial Disposition as its findings in all respects.

The Recommended Partial Disposition recommends that the Court grant defendants' partial motion for summary judgment on the basis that Ms. Scott did not exhaust her administrative remedies as to the constitutional claims she brings against Mr. Payne, in violation of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Dkt. No. 51, at 2-8). The parties agree that Grievance MCP16-00255 is the only grievance Ms. Scott filed regarding the issues in this case (Dkt. No. 36-1, ¶ 4). Defendants concede that Ms. Scott did exhaust her remedies as to Grievance MCP16-00255, but this grievance did not identify Mr. Payne by name or title (Dkt. No. 39, ¶¶ 4-6). Further, defendants assert, and Ms. Scott does not contest, that the Arkansas Department of Correction's ("ADC") Administrative Directive 14-16 requires inmates, when submitting

grievances, to "name each individual involved for a proper investigation and response to be completed by ADC." (Dkt. No. 36-2, at 4-5). Administrative Directive 14-16 also warns inmates that, if they fail to name "all parties during the grievance process," they "may have their lawsuit or claim dismissed by the court . . . for failure to exhaust against all parties." (*Id*.). As the prison's grievance procedures "define the boundaries of proper exhaustion" under the PLRA, *Jones v. Bock*, 549, U.S. 199, 218 (2007), Ms. Scott is required to follow Administrative Directive 14-16 in order to exhaust her administrative remedies. Accordingly, the Recommended Partial Disposition concludes that, because Grievance MCP16-00255 does not identify Mr. Payne by name or title, Ms. Scott failed to exhaust her administrative remedies as to her claims against Mr. Payne.

Ms. Scott's objections repeat the arguments she made in response to defendants' motion for partial summary judgment (*compare* Dkt. No. 41, *with* Dkt. No. 55). Ms. Scott presents no evidence that she named Mr. Payne in Grievance MCP16-00255. Rather, she argues that Mr. Payne violated her constitutional rights by finding that her grievance had no merit (Dkt. No. 55, at 2). As the Eighth Circuit Court of Appeals has held, "the reader" of a grievance or the "decision maker" in the appeal of a grievance is not a party to the grievance unless the aggrieved party "states how [the readers or decision makers] were involved in the grieved incidents, as required by the Arkansas Department of Correction grievance policy." *Champion v. Akins*, 498 Fed. App'x 670, 670 (8th Cir. 2013) (unpublished per curiam). Accordingly, given that the record is bereft of any evidence that Ms. Scott identified Mr. Payne by name or title in Grievance MCP16-00255, the Court concludes that Ms. Scott did not properly exhaust her administrative remedies as to the claims she is now asserting against Mr. Payne.

After a review of the Recommended Partial Disposition, Ms. Scott's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Partial Disposition as its findings in all respects (Dkt. No. 51). The Court therefore grants defendants' motion for partial summary judgment (Dkt. No. 36) and dismisses without prejudice Ms. Scott's claims against separate defendant Mr. Payne. Ms. Scott may proceed with her due process and equal protection claims against separate defendants James Banks and Darryl Golden, in their individual capacities, at this time.

It is so ordered this 31st day of August, 2018.

_____
Kristine G. Baker
United States District Judge